Jessie M. HUNTER, parent and natural guardian of Sandra Lee Hunter and Richard Allan Hunter, minors, and Jessie M. Hunter, in her own right, Appellants,

v.

John W. GARDNER, Secretary of Health, Education and Welfare.

No. 16959.

United States Court of Appeals
Third Circuit.

Argued June 18, 1968.

Decided July 15, 1968.

Harold Gondelman, Baskin, Boreman, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellants.

Vincent A. Colianni, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, VAN DUSEN, Circuit Judges and WRIGHT, District Judge.

OPINION OF THE COURT

PER CURIAM:

Appellant Hunter appeals from the decision of the District Court granting

summary judgment in favor of appellee, Secretary of Health, Education and Welfare. Applications were filed by Mrs. Hunter with the Department of Health, Education and Welfare on October 28 and November 2, 1964 claiming benefits under the Social Security Act, 42 U.S.C. §§ 402(d) (1), and 402(g) (1). These requests were denied by appellee's hearing examiner on the evidence presented before him on August 24, 1966. That decision became final on October 17, 1966 when the appellee's appeal counsel denied Mrs. Hunter's request for review of the hearing examiner's decision. Mrs. Hunter brought suit in the District Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Secretary. The relief requested was denied, and as noted above, by order dated September 18, 1967 the District Court entered summary judgment for appellee.

As indicated, appellant claimed benefits under two separate sections of the Social Security Act. The first claim was for child's insurance benefits under 42 U.S.C. § 402(d) (1) and the second, a related claim for mother's insurance benefits under 42 U.S.C. § 402(g) (1). The Secretary, through his hearing examiner found, however, that appellant's two children were not entitled to child's insurance benefits because their applications were jurisdictionally defective, and that appellant was not entitled to mother's insurance benefits because she had no children of the wage earner in her care at the time of the filing of the applications.

■ Appellant concedes that the propriety of these determinations is not a part of this appeal and, in any event, we conclude that there was substantial evidence in the record to support the findings of the hearing examiner.

Appellant contends, nevertheless, that unless this Court vacates the finding of the hearing examiner that the wage earner was not legally dead for purposes of claiming benefits under the Social Security Act, appellant will be foreclosed from ever claiming entitlement to benefits as a widow of a fully insured wage earner

under 42 U.S.C. § 402(e) (1). This Court does not pass upon the merits or demerits of appellant's contention because the record before us clearly indicates that appellant is not presently eligible to claim the benefits of that section in that she has not yet attained the age of 60 years, a specific statutory prerequisite to entitlement of widow's benefits.

■ There being presently no case or controversy before the Court, Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911) and Aetna Life Insurance Co. of Hartford, Conn. v. Haworth et al., 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), the case will be remanded to the District Court with directions to vacate its order of September 18, 1967 and to enter, in lieu thereof, an order dismissing appellant's complaint without prejudice.